**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven M. Kitzinger,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Nielson Business Media Company,<br><br>　　　　Defendant. | No. CV16-3452-PHX-DGC<br><br>**ORDER** |

Pro se Plaintiff Steven M. Kitzinger filed a complaint against Defendant Nielson Business Media Company for discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), and for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA").[1] Doc. 1. Defendant moves for summary judgment. Doc. 53. The motion is fully briefed, and oral argument will not aid the Court's decision. Docs. 53, 54, 55, 57. For the following reasons, the Court will grant Defendant's motion.

**I.　Background.**

The following facts are undisputed unless otherwise noted. The Court will consider a fact undisputed "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)."

---

[1] The Court's docket reflects that Defendant's name is Nielson Business Media Company, but Defendant's papers state its name as The Nielsen Company (US) LLC. *See, e.g.*, Doc. 60.

Fed. R. Civ. P. 56(e); LRCiv 56.1(b). Plaintiff fails to properly address Defendant's assertions of fact or properly support his own assertions of fact.[2] *See* Docs. 55, 57.

Plaintiff began working for Defendant in July 2007 as a Field Representative. Doc. 54-1 at 71.[3] Plaintiff managed a geographic region of Northern Arizona, which included numerous households participating in Defendant's program. *Id.* at 73. Plaintiff's job duties included driving up to 200 miles per trip to visit participating households, installing equipment, and ensuring continued participation in the program. *Id.*

In June 2015, Plaintiff requested and received permission to take a medical leave of absence due to kidney stone-related symptoms, without knowing his exact day of return. *Id.* at 20, 76. Plaintiff testified that he was concerned his pain might cause him to pass out while driving for work and injure others. *Id.* at 24. At the beginning of Plaintiff's leave, Defendant requested supporting medical documentation and notified Plaintiff that "[a]ny unauthorized absences [would be] subject to [Defendant's] attendance policy and may result in an appropriate level of disciplinary action, up to and including termination." *Id.* at 80-84. The notification informed Plaintiff that failure to return to work after his leave ended or failure to notify Defendant of his status would constitute voluntary resignation. *Id.* Plaintiff received and read the letter. *Id.* at 25-26.

Plaintiff had surgery on July 10, 2015, and his doctor cleared him to return to work on July 20, 2015. Doc. 54-1 at 86. When Plaintiff's health issues relapsed, he requested and received Family and Medical Leave Act ("FMLA") leave, which began July 24, 2015 and was exhausted on September 18, 2015. *Id.* at 88-89. In the letter granting Plaintiff's request for FMLA leave, Defendant again informed Plaintiff that medical absences without appropriate certification could result in termination. *Id.* at 30-31, 88-89.

---

[2] During a conference with the parties on May 3, 2018, the Court explained to Plaintiff the procedures for summary judgment motions and the arguments that Defendant might make. The Court advised Plaintiff to familiarize himself with and follow Federal Rule of Civil Procedure 56 and Local Rule 56.1. *See* Doc. 51. Plaintiff's response and statement of facts were untimely and fail to comply with rules. *See* Docs. 55, 57.

[3] Citations are to page numbers attached to the top of pages by the Court's ECF system, not to original numbers on the document pages.

Defendant required Plaintiff to provide certification of his need for continued leave by August 19, 2015. Doc. 54-1 at 92-93. Plaintiff failed to do so, and on August 21, 2015, Defendant sent an additional request for the information, again warning that failure to provide the documentation could result in denial of Plaintiff's leave request and that unauthorized absences could result in termination. *Id.* at 96. Plaintiff received and understood the warning. *Id.* at 33-34.

Plaintiff provided proof of a procedure that he had undergone, but he failed to submit in writing a reasonable estimate of the duration of his leave. *Id.* at 99-100. In a subsequent conversation with Defendant's third-party leave administrator, Plaintiff scheduled his return to work for October 26, 2015. *Id.* at 102, 105.

Plaintiff did not return on that date. Pursuant to its attendance policy, Defendant sent Plaintiff a letter notifying him that his absences after October 26 were unauthorized and that disciplinary action could include termination. *Id.* at 105. Plaintiff received a copy of Defendant's attendance policy when he was hired and agrees that it applies to him. Doc. 54-1 at 3-8, 10, 12-13. After several back-and-forth communications, Plaintiff was granted extensions to provide documentation until November 5, 2015 (Doc. 54-1 at 110-11), and then again until November 13, 2015 (*id.* at 114). Both extensions included the warning that failure to provide documentation could result in termination. *Id.* Plaintiff read and understood these warnings. *Id.* at 39.

On November 10, 2015, Plaintiff reported to Defendant that he was "not fixed yet" and could not drive on the medications he was taking. Doc. 54-1 at 116. Plaintiff's medical records, however, indicated that Plaintiff was "discharged home in excellent condition" on November 3, 2015 (Doc. 54-2 at 7), and that he was not prescribed any pain medications at that time (Doc. 54-1 at 43-45). Plaintiff later asserted that his claimed inability to drive due to medications was discrete "code language" for incontinence. *Id.* Medical records do not support Plaintiff's claimed incontinence, and Plaintiff cites no supporting evidence in the record. *See* Docs. 54-2 at 3-47; 55, 57. Plaintiff wrote Defendant on November 12, 2015, claiming that he had a medical emergency, was referred to the emergency room, and

needed to see a specialist about possible kidney removal. *Id.* at 53. But the medical records from that visit only prescribed Plaintiff "Tylenol and/or Ibuprofen for pain," and noted that Plaintiff could resume "normal home activity" after discharge. *Id.* at 55-56; Doc. 54-1 at 46-49. Surgery was not scheduled at that visit, and the only follow-up was related to elevated blood pressure. Doc. 54-2 at 55-56.

On November 17, 2015, Plaintiff had been out of work for just under six months and had failed to provide supporting documentation for the preceding month of his absence. Defendant notified Plaintiff that, pursuant to its attendance policy, it considered Plaintiff's absences a voluntary resignation. *Id.* at 58. Plaintiff agrees that Defendant did not intend to discriminate against him. Doc. 54-1 at 67.

**II.     Summary Judgment Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Discussion.**

Defendant seeks summary judgment on Plaintiff's disability discrimination, retaliation, and age discrimination claims. Doc. 53.

///

**A. Disability Discrimination.**

Defendant argues that Plaintiff cannot establish a prima facie case of discrimination, and, even if he can, Defendant had a legitimate, non-discriminatory reason for Plaintiff's termination. Doc. 53 at 12.

**1. Legal Standard.**

The ADA prohibits employers from discriminating against individuals on the basis of their disabilities. 42 U.S.C. § 12112(a). At the summary judgment stage, an ADA plaintiff has the burden of making a prima facie case of discrimination. The plaintiff must produce evidence that: (1) he has a disability under the ADA; (2) he is qualified, i.e., that he can perform the essential functions of his job with or without a reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *See Snead v. Metro. Prop. & Cas. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001); *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 816 (9th Cir. 1999); *Wellington v. Lyon Cty. Sch. Dist.*, 187 F.3d 1150, 1154 (9th Cir. 1999). "'[T]he requisite degree of proof necessary to establish a prima facie case . . . on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence.'" *Chuang*, 225 F.3d at 1124 (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)); *Snead*, 237 F.3d at 1091-92 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

"'Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee.'" *Wallis*, 26 F.3d at 889 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). The burden of production then shifts to the employer to articulate a non-discriminatory reason for the adverse employment action. *See Snead*, 237 F.3d at 1093; *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003). If the employer offers a reason for the employment action that excludes any reliance on the employee's disability, the burden shifts back to the employee to show that the reason was pretextual. *See Snead*, 237 F.3d at 1093.

///

///

### 2. Prima Facie Case.

Plaintiff has failed to establish a prima facie case. *See* Docs. 55, 57. He cites no evidence in the record showing that his kidney stone surgery, healing process, or other ailments constitute an impairment under the ADA and "substantially limit[]" one or more major life activities. *Mamola v. Grp. Mfg. Servs., Inc.*, No. CV–08–1687–PHX–GMS, 2010 WL 2433491, at *9 (D. Ariz. April 9, 2010) (citing *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998)); *see also* 42 U.S.C. § 12102(1). Nor does he show that he could perform the essential functions of his job with or without a reasonable accommodation, or that his termination was due to his disability. *See Snead*, 237 F.3d at 1087. Moreover, Plaintiff admits that his termination was not because of his disability. Doc. 54-1 at 67. Plaintiff's unsupported assertions that he could not perform the daily commute of his job or could have performed other positions in the company are insufficient to establish a prima facie case or create a triable issue of fact. *See Anderson*, 477 U.S. at 249-52; Doc. 55.

Even if Plaintiff had established a prima facie case, Defendant has satisfied its burden to articulate a non-discriminatory reason for Plaintiff's termination. For the month before his termination, Plaintiff failed to provide medical documentation certifying his need for additional leave, despite multiple extensions from Defendant. Plaintiff was familiar with Defendant's attendance policy and he received and understood all notifications about his need to provide the documentation. He complied with this requirement for the previous five months, again with several extensions from Defendant, but failed to comply in the final month. Defendant's well-documented cooperation with Plaintiff's requests and its reasons for his termination exclude any reliance on Plaintiff's disability. And Plaintiff cites no evidence of pretext. *See Snead*, 237 F.3d at 1093.

Plaintiff cites his termination letter, asserting that it states "that [he] was ter[mi]nated for not returning on a date the HR Dept 'ball parked' that [he] would be healed and that [his] benefits would be good through the end of November." Docs. 55 at 2. But neither Plaintiff nor his termination letter contradict that Plaintiff failed to provide the required documentation to Defendant, nor does Plaintiff explain how the letter establishes

the elements of a prima facie case of disability discrimination. *See* Doc. 54-2 at 58. Plaintiff also cites one undated page from a 116-page document, which appears to contain a doctor's note stating: "Answer: yes, in my opinion, the medical information supports precluding him from his medium capacity job through from [sic] 6/21/15 through 11/13/15 due to renal calculi." Doc. 54-1 at 108. Plaintiff asserts that his "condition warranted the leave of [absence] from 6/21/15 [through] 11/11/15." Doc. 55 at 2. But Plaintiff does not provide evidence to dispute his failure to provide the necessary documentation by the stated deadlines. Nor does Plaintiff explain how the doctor's opinion about his condition shows Defendant's discrimination.

The Court will grant summary judgment to Defendant on Plaintiff's disability discrimination claim.

### B. Retaliation.

Title VII prohibits retaliation against an employee for opposing an unlawful employment practice or participating in a Title VII proceeding. 42 U.S.C. § 2000e-3(a). A successful retaliation claim must establish that: (1) the employee engaged in a protected activity; (2) the employer took an adverse employment action against the employee; and (3) the employer would not have taken the adverse employment action but for a design to retaliate. *Nilsson v. City of Mesa*, 503 F.3d 947, 953-54 (9th Cir. 2007); *see Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (clarifying that employee must show "but for" causation). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to "articulate a legitimate, non-retaliatory reason for its actions." *Nilsson*, 503 F.3d at 954 (internal quotations omitted). If the defendant does so, the plaintiff must show the articulated reason is a mere pretext. *Id.*

Plaintiff has not established a prima facie case of retaliation. He fails to show that he engaged in protected activity by complaining about discrimination to Defendant. *See* Doc. 55. And Plaintiff concedes that his termination was not discriminatory. The Court will grant Defendant's summary judgment motion on Plaintiff's retaliation claim.

/ / /

**C. Age Discrimination.**

Under the burden-shifting framework of *McDonnell Douglas*, Plaintiff must first establish a prima facie case of age discrimination by showing that he was: (1) at least 40 years old; (2) performing his job satisfactorily; (3) discharged or demoted; and (4) either "replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (internal quotation marks omitted).

Plaintiff cites no evidence showing satisfactory job performance or contradicting that as recently as March 2015 he was on a performance improvement plan for failure to comply with job requirements. *See* Doc. 53 at 12 n.4; 54-3 at 17. Nor does Plaintiff show that he was replaced by a substantially younger, equally-qualified or less-qualified employee. The Court will grant summary judgment to Defendant on this claim.

**IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 53) is **granted**. Defendant's motion for summary judgment disposition (Doc. 58) is **denied as moot**. The Clerk of Court is directed to enter judgment in Defendant's favor and terminate this action.

Dated this 17th day of December, 2018.

*David G. Campbell*

David G. Campbell
Senior United States District Judge